



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

February 23, 1939

Hon. G. J. Wilde
County Auditor
Nueces County
Corpus Christi, Texas



Overruled 6-4434

Dear Sir:

> Opinion No. O-253
> Re: Performancy of duties in
>     county treasurer's office -
>     temporary absence.

We beg to acknowledge receipt of your letter
of February 3rd, in the second paragraph of which you
ask the following question:

> "In the event that a County Treasurer
> might become ill and unable to take care
> of the duties of the office or should the
> Treasurer be granted a leave of absence by
> the Court for any period of time, to whom
> should the authority be given to sign the
> warrants and register same?"

We presume and, no doubt, you have reference
to the duties specified under Article 2554, Revised
Civil Statutes, 1925, as amended, which statute reads
in part as follows:

> "It shall be the duty of the county.
> treasurer upon the presentation to him
> of any warrant, check, voucher, or order
> drawn by the proper authority, if there
> be funds sufficient for the payment there-
> of on deposit in the account against which
> such warrant is drawn, to endorse upon the
> face of such instrument his order to pay
> the same to the payee named therein and
> to charge the same on his books to the
> fund upon which it is drawn......All checks
> or warrants issued or drawn by any officer
> under the provisions of this Act, shall be

Hon. C. J. Wilde, February 23, 1939, Page 2

subject to all the laws and regulations provid-
ing for auditing and countersigning and all
such laws and regulations are hereby continued
in full force and effect."

We are unable to find any statutory authority
for any person other than the duly elected and appointed
treasurer performing the duties of that office. The
statutes only appear to take care of such situations
which approach and are similar to the one you outlined
in your letter, by authorizing the Commissioners' Court
to fill vacancies, and this is provided for in one in-
stance where the vacancy has been declared under Article
5972, Revised Civil Statutes, 1925. We appreciate, how-
ever, the problem confronting you no doubt in the situa-
tion mentioned and the inconvenience likely resulting.

We are, however, constrained to hold and it
is the opinion of this Department that unless a vacancy
is properly declared in the office of county treasurer,
only such person duly occupying that office is authorized
to perform the duties connected with and pertaining to
same.

                              Very truly yours

                      ATTORNEY GENERAL OF TEXAS

                      By        _[signature]_
                                Wm. J. R. King
                                Assistant

WmK:AW

APPROVED:

_[signature]_ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS